# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ISAAC J. MORRISON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-362 (ESH) |
| SECRETARY OF DEFENSE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

In 1986, Plaintiff, then a United States Marine, was found guilty in a nonjudicial proceeding (NJP) of unauthorized absence from duty. He was discharged from service in 1988. In 2008, Plaintiff applied to the Board of Corrections of Naval Records (BCNR) for removal of the NJP proceedings from his records and reinstatement into the Marine Corps with back pay and promotions, a 10-year service obligation, and 30-year benefits. The application was denied. Two years later, Plaintiff commenced this action for review of the Board's decision under the Administrative Procedure Act (APA).

Before the Court is Defendants' motion to dismiss Plaintiff's non-APA claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Defendants thus contend that Plaintiff alleges not only a claim for APA review, but also non-APA claims for removal of NJP proceedings from his records and reinstatement into the Marine Corps with back pay and promotions, a 10-year service obligation, and 30-year benefits.

Defendants argue that the Court lacks subject-matter jurisdiction over non-APA claims for monetary relief, that non-APA claims for injunctive relief are nonjusticiable, and that all non-APA claims are time-barred. It is, however, clear that Plaintiff does not allege any non-APA claims and, thus, this portion of the motion will be denied.

Further, despite contending on one hand that Plaintiff's APA claim should not be dismissed, Defendants also argue on the other hand that Plaintiff fails to state such a claim upon which relief may be granted under Rule 12(b)(6) because, contrary to what Plaintiff pleads, the standard of review for an APA claim is not de novo. The Court, however, will broadly construe the complaint to allege a valid APA claim that the Board's actions were arbitrary and capricious, and Plaintiff sufficiently alleges that Board overlooked certain evidence that it was required to consider. That portion of the motion seeking dismissal of Plaintiff's APA claim will therefore also be denied.

## II. BACKGROUND

Plaintiff Isaac J. Morrison enlisted in the United States Marine Corps on September 20, 1978, for a term of four years, and thereafter reenlisted for an additional six years. Compl. at 2, ECF No. 1; Letter from W. Dean Pfeiffer, Exec. Director, BCNR, to Issac J. Morrison (Oct. 2, 2008), at 1, ECF No. 1 [hereinafter "Letter"]. On July 10, 1986, the Marine Corps meted out nonjudicial punishment to Plaintiff for an unauthorized absence from duty. Compl. at 2; Letter at 1. Plaintiff did not appeal the NJP. *See* Compl. at ECF p. 17. Plaintiff was discharged on January 13, 1988. Letter at 1–2.

Over two decades later, Plaintiff filed an application with the BCNR, asking the Board to "set aside" the nonjudicial punishment of July 10, 1986, remunerate "all pay and allowances" to which Plaintiff would have been entitled between the NJP and his discharge, and return Plaintiff

to active duty with a 10-year service obligation and 30-year benefits. Mem. to Exec. Director, BCNR, from G.L. Simmons, Head, Mil. L. Branch, Judge Advocate Div. (July 3, 2008) ¶ 3.b., ECF No. 1 [hereinafter "Mem."]. The Board denied the application. *See* Letter. Plaintiff now appeals that denial to this Court.

## III. STANDARDS OF REVIEW

### A. Motion to Dismiss Under Rule 12(b)(1).

Federal courts have limited jurisdiction and may not presume the existence of jurisdiction in order to decide a case on other grounds. *Tuck v. Pan Am. Health Org.*, 668 F.2d 547, 549 (D.C. Cir. 1981). Instead, the party claiming subject-matter jurisdiction bears the burden of demonstrating that jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). In ruling on a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), a court may, where necessary, "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B. Motion to Dismiss Under Rule 12(b)(6).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" such that a court may "'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). In ruling on a 12(b)(6) motion, a court may consider facts alleged in the complaint, documents attached to or incorporated in the complaint, matters of which courts may take judicial notice, and documents appended to a motion to dismiss whose authenticity is not disputed, if they are referred to in the complaint and

integral to a claim. *U.S. ex rel. Folliard v. CDW Tech. Servs., Inc.*, 722 F. Supp. 2d 20, 24–25 (D.D.C. 2010).[1]

## IV. PLAINTIFF SUFFICIENTLY ALLEGES A CLAIM UNDER THE ADMINISTRATIVE PROCEDURE ACT

Under a liberal construction of the complaint, Plaintiff brings a claim under the Administrative Procedure Act (APA). He does not bring, as Defendants contend, additional independent claims for various forms of injunctive and monetary relief. Defendants appear to inconsistently that the APA claim should be the only claim *not* dismissed, but also that the APA claim *should* be dismissed for failure to state a claim upon which relief may be granted. The Court agrees with the former position, and will conclude that Plaintiff sufficiently alleges an APA claim.

### A. Plaintiff Only Pleads an APA Claim.

Plaintiff does not clearly set forth the claims he makes in his complaint. Construing the pro se complaint broadly, the Court must, however, look to the relief sought to infer the claims made, wherever possible. *Bradley v. Smith*, 235 F.R.D. 125, 127 (D.D.C. 2006) ("[P]leadings filed by pro se litigants are liberally construed, and are held to less stringent standards than are applied to pleadings prepared by attorneys."). In this action, Plaintiff asks the Court to conduct a de novo review of the findings of the BCNR, to reverse and reject the Board's decision, and to thereby grant the very relief he sought from the Board: removal of the NJP from his records and reinstatement into the Marine Corps with back pay and promotions, a 10-year service obligation,

---

[1] "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Defendants attach to their motion to dismiss JAG Instruction 5800.7B, ECF No. 15-1; Nonjudicial Punishment Procedure, ECF No. 15-2; and Regulations Supplementing the Manual for Courts martial, Part A – Nonjudicial Punishment, ECF No. 15-3. The Court does not rely on these attachments in reaching its decision. Accordingly, the motion will remain one for dismissal.

and 30-year benefits. Compl. at 4; *see* Mem. ¶ 3.b. As discussed more fully herein, Plaintiff thus pleads a claim under the APA. *See Gillan v. Winter*, 474 F.3d 813, 817 (D.C. Cir. 2007) (reviewing BCNR decision under the APA); 5 U.S.C. § 706; discussion *infra* Part III.B.

Defendants, however, spend much of their motion challenging purported claims for various forms of injunctive and monetary relief. *See* Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 7–14, 17–22, ECF No. 15 [hereinafter "Defs.' Mem."] (arguing that the Court is without subject-matter jurisdiction over apparent claims for monetary relief, that apparent claims for injunctive relief are nonjusticiable, and that all non-APA claims are time-barred by the applicable statute of limitations). The fact that Plaintiff requests these forms of relief, however, does not imply independent causes of action for that relief. Rather, Plaintiff only brings an APA claim, asking the Court to review the BCNR decision, and in reversing that decision, to order that relief which was requested of the Board but which the Board denied.

Plaintiff clarifies his claim in his opposition, asserting that "the [C]ourt can only rule on the decision of the [B]oard," but stressing that, when doing to, "the [C]ourt is within its jurisdiction to specify to the board that once it reverses the ruling to grant the Plaintiff his relief to which he is entitled." Resp. to Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss, at 6, ECF No. 19 [hereinafter "Pl.'s Opp'n"]. Plaintiff further clarifies that "[c]ontrary to the Defendant[]s['] rhetoric, the appeal before this [C]ourt is to review the finding of the BCNR," not to entertain other separate causes of action. *Id.* at 9. Defendants seize on this language to assert that Plaintiff thus "concedes that the Court only has jurisdiction for APA review of the BCNR decision." Reply, ECF No. 20. In the Court's view, however, Plaintiff merely clarifies that he only seeks APA review.

      B.      **Plaintiff Sufficiently Pleads an APA Claim.**

5

Defendants initially argue in their motion that "[t]he only matter which should remain for consideration by the Court should be APA review of the 2008 findings of the Board of Correction of Naval Records." Defs.' Mot to Dismiss, at 1, ECF No. 15. But in the memorandum accompanying their motion, Defendants contradict that argument by stressing that "Plaintiff's request for a de novo review [under the APA] should be denied pursuant to Fed. R. Civ. P. 12(b)(6)." Defs.' Mem. at 13. Thus, say Defendants, "Plaintiff's entire cause of action should be dismissed." *Id.* at 17. Even Plaintiff proceeding pro se identifies the oddity of Defendants' contradictory argument: "the defense is being rhetorical by first claiming the only relief is that under A[P]A and now claiming that Plaintiff has failed to state a claim." Pl.'s Opp'n at 9.

Defendants are correct that when a district court reviews agency action under the APA, the court may "reverse the agency action only if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *United Techs. Corp. v. U.S. Dep't of Defense*, 601 F.3d 557, 562 (D.C. Cir. 2010) (quoting 5 U.S.C. § 706(2)(A)); *see* Defs.' Mem. at 13–17. "This 'standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made.'" *United Techs. Corp.*, 601 F.3d at 562 (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). But the Court will not dismiss Plaintiff's APA claim.

Liberally reading Plaintiff's complaint, the Court construes the request for de novo review as a request for review under the APA's arbitrary-and-capricious standard. This construction is buttressed by Plaintiff's opposition, in which he stresses that he "is seeking the

court decision based on the preponderance of the evidence that the ruling was arbitrary, Capricious, and not based on substantial evidence." Pl.'s Opp'n at 12. When so construed, Plaintiff's complaint does not necessarily fail to state a claim upon which relief may be granted under the APA simply by virtue of the words "de novo review." The question instead turns on whether Plaintiff has adequately alleged that the Board acted arbitrarily or capriciously when in 2008 it declined to remove Plaintiff's NJP proceedings from his records or reinstate Plaintiff into the Marine Corps with back pay and promotions, a 10-year service obligation, and 30-year benefits. Defendants argue that "[e]ven if this Court treats Plaintiff's complaint as liberally as possible, Plaintiff has failed to plead any factual allegations that could lead a reasonable Court to determine any misconduct on the part of the defendant[s]." Defs.' Mem. at 16–17. The Court disagrees.

Although not an investigative body, 32 C.F.R. § 723.2(b), the BCNR is required to review "all pertinent evidence of record" when it examines applications to correct naval records. *Id.* § 723.3(e)(1). Pertinent evidence includes factors mitigating against the decision that led to the record sought to be changed, such as "exceptional service." *See, e.g.*, *Filler v. Winter*, 538 F. Supp. 2d 179, 184 (noting the BCNR's conclusion that an applicant's "many years of exceptional service mitigated his conduct" and thus militated in favor of changing records concerning the applicant's involuntary separation).

Plaintiff claims that the BCNR failed to consider that he "was/is an outstanding marine" and that "[h]is career in the Marine Corps was exemplary." Compl. at 3. Defendants dismiss these averments as merely Plaintiff's "personal opinions and/or conclusions" that are "not legally sufficient" under Federal Rule of Civil Procedure 8(a)(2) to state an APA claim, Defs.' Mem. at 17, but Defendants confuse the issue. It does not matter whether Plaintiff is or was, as a matter

7

of fact as opposed to opinion, an excellent marine; what matters is whether the BCNR considered evidence of that excellence, if presented, when deciding whether to change Plaintiff's records.

Under a liberal construction of Plaintiff's complaint, Plaintiff alleges that the BCNR failed to consider that evidence. Compl. at 3. Plaintiff also supports that allegation with specific facts allegedly overlooked, such as Plaintiff's promotions and receipt of "nothing but outstanding proficiency marks and exemplary fitness reports." Compl. at 2. If, as alleged, Defendants failed to consider this mitigating evidence, Defendants may have acted arbitrarily and capriciously. Plaintiff has, at this stage, alleged an APA claim upon which relief may be granted.[2]

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss will be denied. A separate order consistent with this Memorandum Opinion shall issue this date.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: January 12, 2011

---

[2] Plaintiff also alleges that the Board failed to consider that "[t]he charge/supervision/vacation was clearly vindictive and racist," that his "constitutional rights were violated," and that "[t]he decision of the Board for Correction of Naval Records was clearly arbitrary and capricious." Compl. at 3. Defendants dismiss the first of these averments as merely Plaintiff's "personal opinion[] and/or conclusion[]" and dismiss the remaining averments as "not 'facts[,]'[] but legal conclusions." Defs.' Mem. at 17. None, say Defendants, are sufficient "to meet the requirements" of Rule 8(a) to sufficiently state an APA claim. *Id.*

The Court does not reach these allegations by Plaintiff or arguments by Defendants. Plaintiff successfully states an APA claim upon which relief may be granted with respect to the alleged failure to consider mitigating evidence. That claim will therefore survive dismissal, even if the Court were to agree with Defendants' other arguments why that claim should be dismissed.